# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LAWRENCE DUNCAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-00024-ACA-HNJ |
| | ) | |
| GORDY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

On January 6, 2022, *pro se* Petitioner Michael Lawrence Duncan filed a 28 U.S.C. § 2254 motion for habeas relief, challenging his 2009 conviction for attempted murder. (Doc. 1). The magistrate judge entered a report on May 27, 2022 recommending that the court dismiss Mr. Duncan's petition as untimely. (Doc. 13). The magistrate judge further recommended denying Mr. Duncan's requests for the court to appoint him an attorney and to subpoena certain records. (*Id*. at 11–12; *see also* doc. 9 at 3).

Mr. Duncan filed objections to the magistrate judge's report. (Docs. 15, 16). The case is currently before the court for a review of those objections.

### I.  Reinstatement of Probation

Mr. Duncan's first objection to the magistrate judge's recommendation is that it did not address reinstatement of Mr. Duncan's probation. (Doc. 15 at 1).

According to Mr. Duncan, he "is and was also seeking the r[einstatement] of [h]is probation in his § 2254 habeas petition." (*Id.*).

As grounds for his § 2254 petition, Mr. Duncan argued the following:

(1) The Circuit Court of Calhoun County lacked jurisdiction to convict and sentence him. (Doc. 1 at 3, 5; doc. 2 at 6, 18; doc. 9 at 1).

(2) The prosecution failed to disclose favorable evidence. (Doc. 1 at 5).

(3) His convictions stemmed from "evidence obtained pursuant to an unlawful arrest complaint warrant." (*Id.*).

(4) He discovered material facts, unknown to him or his counsel at the time that the Circuit Court sentenced him, which require the court to vacate his criminal convictions and sentencing. Specifically, Mr. Duncan cites to an August 17, 2021 letter form the Circuit Clerk of Etowah County certifying that "after a careful search for criminal records against [Michael L. Duncan], that 'NO RECORD' was found on [Michael L. Duncan]." (*Id.*; doc. 2 at 12; doc. 9 at 1, 6).

(Doc. 13 at 3–4).

Mr. Duncan requested the following relief in his habeas petition: the vacation or reversal of his sentence due to "illegal jurisdiction" or the modification of his sentencing period so that he can go back to Illinois to live with his family. (Doc. 1 at 14). The only mention of Mr. Duncan's probation revocation appears on page 13 of his petition wherein he: (1) listed the name of the attorney who represented him at his probation revocation hearing; (2) answered in the affirmative that he must serve a future sentence after he "complete[s] the sentence for the judgment that [he is] challenging;" and (3) stated that he must serve a future sentence of 20 years,

2

imposed on October 4, 2017, when the Circuit Court revoked his probation. (*Id.* at 13). Nowhere in his petition does Mr. Duncan challenge the October 4, 2017 probation revocation. (*See* doc. 1).

Prior to filing his petition, Mr. Duncan sent a letter to this court wherein he asserted that the Calhoun County Circuit Court wrongfully and illegally indicted, convicted, and sentenced him on March 22, 2008. (Doc. 2 at 1). Although Mr. Duncan sought the reinstatement of his probation in the state court filings he attached to this letter (*see id.* at 4, 5, 7–9), he requested that this court "help [him] in getting [his] case properly overturned to the rightful jurisdiction of Etowah County Circuit Court," (*id.* at 2). He did not ask this court to reinstate his probation in that document. (*See* doc. 2). Nor did Mr. Duncan seek reinstatement of his probation in his reply brief (doc. 9) or in his various filings filed prior to the entry of the magistrate judge's report and recommendation (docs. 10, 11, 12).

The court will not consider a challenge raised for the first time in an objection to a magistrate judge's report and recommendation. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"); (*see also* doc. 13 at 13 ("Objections should not contain new allegations, present additional evidence, or repeat legal arguments.")). Accordingly, the court **OVERRULES** Mr. Duncan's first objection.

## II.    Jurisdiction of Calhoun County Circuit Court

Mr. Duncan also objects to the magistrate judge's recommendation that his case be dismissed as untimely. (Doc. 16 at 1).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year limitation period for filing a habeas action under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1). As the magistrate judge explained in his report and recommendation, the statute of limitations in Mr. Duncan's case began to run on April 11, 2009 and expired on April 11, 2010. (*See* doc. 13 at 5). Mr. Duncan did not file his § 2254 habeas petition until January 4, 2022. (Doc. 1).

Mr. Duncan contends that his allegations establish that the Calhoun County Circuit Court lacked subject-matter jurisdiction to convict him and that he can assert this challenge at any time because "[t]he statute of limitations is endless." (Doc. 16 at 1). But there is no exception to AEDPA's limitations period for claims alleging a lack of jurisdiction by the state trial court. And, as the magistrate judge explained in his report and recommendation, Mr. Duncan does not satisfy the requirements for either statutory or equitable tolling. (Doc. 13 at 6–8). The court agrees with this assessment.

The court also agrees that the "miscarriage of justice" exception to AEDPA's one-year statute of limitations does not apply. (*Id*. at 8 (citing *McQuiggen v. Perkins*, 569 U.S. 383, 394–95 (2013))). For the exception to apply, a petitioner must present

4

evidence supporting his actual innocence. In response to the magistrate judge's report and recommendation, Mr. Duncan alleges that he sent "several documents proving his actual innocence in Calhoun County, because his arrest was made in Etowah County by [a] Calhoun County Sheriff." (Doc. 16 at 1). But even accepting Mr. Duncan's allegation as true, they do not prove that he did not commit the crimes for which he was convicted in February 2009. *See San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) ("The actual innocence exception is exceedingly narrow in scope, and the petitioner must demonstrate that he is factually innocent rather than legally innocent.") (quotations omitted). Mr. Duncan does not attempt to argue actual innocence of the underlying crime at issue in this case.

Because Mr. Duncan's § 2254 petition is untimely, the court **OVERRULES** his second objection to the report and recommendation.

## III.   Conclusion

After careful consideration of the record in this case and the magistrate judge's report, the court **OVERRULES** Mr. Duncan's objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** the recommendation. Consistent with that recommendation, the court **WILL DENY** Mr. Duncan's petition for a writ of habeas corpus and **WILL DISMISS** his claims with prejudice.

5

Because the court will dismiss the petition, the court **WILL DENY** Mr. Duncan's motions to subpoena certain records (doc. 9 at 3), and for appointment of counsel (*id*.; docs. 17, 18).

**DONE** and **ORDERED** this August 22, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE